IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 31 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01024-BNB

JUANITA ANGELA WHITAKER,

    Plaintiff,

v.

COLO. MENTAL HEALTH INSTITUTE AT PUEBLO, and
KEITH EDWARD HONSBEHN,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Juanita Angela Whitaker is an outpatient at the Colorado Mental Health Institute at Pueblo (CMHIP). Ms. Whitaker initiated this action by filing a *pro se* Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On June 6, 2008, Magistrate Judge Boyd N. Boland directed Ms. Whitaker to file an Amended Complaint that was in keeping with Fed. R. Civ. P. 8 and that asserted the statutory authority that allows this Court to consider her claims. On July 23, 2008, Ms. Whitaker filed an Amended Complaint.

In the Amended Complaint, Plaintiff challenges her continued status as an outpatient at CMHIP and asserts that Defendant Keith Edward Honsbehn, an employee at CMHIP, has assaulted her and continues to mentally and physically abuse her. Ms. Whitaker concedes, however, that she was in a relationship with Defendant Honsbehn for over four years, (Orig Compl. at 1.), that her attempts to end the association with Defendant Honsbehn resulted in a setback in her treatment, and that she is not

considered for either conditional or unconditional release because of the relationship she had with Defendant Honsbehn. Plaintiff seeks money damages and an apology from Defendant Honsbehn.

The Court must construe the Complaint liberally because Ms. Whitaker is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

Although Ms. Whitaker fails to assert a proper statutory basis for her claims, to the extent that Ms. Whitaker may seek either an unconditional or conditional release, her sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).

Ms. Whitaker's claims for damages regarding her continued status as an outpatient at CMHIP also are improper. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of her criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the

issuance of a federal habeas writ. *See id.* at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam).

Ms. Whitaker seeks damages for the equivalent of what her salary would have been if she had been progressed through the hospital care plan and for the mental and emotional stress caused by her association with Defendant Honsbehn and resulting delay in receiving release. (Compl. at 6.) Both claims for damages necessarily imply the invalidity of her continuing outpatient status. Pursuant to *Heck*, Ms. Whitaker may not seek an award of damages unless she successfully has invalidated her continuing outpatient status prior to bringing this action. Ms. Whitaker does not allege that she has invalidated her continuing outpatient status. Therefore, it is clear that Ms. Whitaker's claims for damages are barred by *Heck*. Accordingly, it is

ORDERED that Complaint and action are dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 30 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01024-BNB

Juanita Angela Whitaker
2038 Kachina Drive, #10
Pueblo, CO 81008

    I hereby certify that I have mailed a copy of this **ORDER AND JUDGMENT** to the above-named individuals on 7/31/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk